UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARY J. CAMPAGNA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| ASSOCIATED GLOBAL SYSTEMS, INC., | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Cary Campagna, ("CAMPAGNA"), by his attorneys, Gaffney & Gaffney P.C., for his Complaint against Defendant, Associated Global Systems, Inc., ("AGS") states:

### Jurisdiction and Venue

1. This action is brought pursuant to the Fair Labor Standards Act, ("FLSA"), (29 U.S.C. § 201, *et. seq.*) to recover unpaid wages. This Court has arising under jurisdiction over CAMPAGNA's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

2. The Court also has supplemental jurisdiction over CAMPAGNA's state law claims for violation of the Illinois Minimum Wage Law, ("IMWL"), (820 ILCS 105/1, *et. seq.*), the Illinois Wage Payment and Collection Act, ("IWPCA"), (820 ILCS 115/1 *et. seq.*) and breach of contract, pursuant to 28 U.S.C. § 1367, which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

3. Venue for this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 USCS § 1391, as this claim arose in this judicial district as AGS transacts business in this judicial district.

**Parties**

4. Plaintiff, CAMPAGNA is a resident of Roselle, DuPage County, Illinois and a former employee of AGS.

5. Defendant, AGS, is a Delaware Corporation, which has its principal place of business in New York, and doing business in Elk Grove Village, Cook County, Illinois. CAMPAGNA worked at that Elk Grove Village, Illinois facility which also employed other Illinois workers.

**Common Allegations**

6. CAMPAGNA worked for AGS from September, 1988, until he was involuntarily terminated on or about October 10, 2016.

7. For a period in excess of the last three years, CAMPAGNA worked as a Dispatcher.

8. AGS paid CAMPAGNA on an hourly rate basis, with his last rate of pay at $23.69 per hour.

9. AGS requested or knowingly permitted CAMPAGNA to work well in excess of 40 hours per week. CAMPAGNA typically arrived at approximately 5:00 a.m., or shortly thereafter, and would turn off the ADP Alarm System, which would be CAMPAGNA's first work-related entry of the day. That event should have been recorded by ADP and available for AGS to review. CAMPAGNA typically worked on a continuous basis without taking a lunch break to approximately 3:00 p.m. or later every day, Monday through Friday. Additionally, at least once per month, CAMPAGNA would be "on call" and work intermittently as requested over the weekend.

10. AGS would occasionally and intermittently pay CAMPAGNA overtime wages but only when it wanted to. Overtime was rarely paid and for reasons known only to AGS. AGS knowingly refused to pay CAMPAGNA all of his overtime wages due and owing.

### Count I – FLSA Action

CAMPAGNA, by his attorneys, Gaffney & Gaffney P.C., for his Count I Complaint against AGS brought pursuant to the FLSA, states:

1-10. CAMPAGNA incorporates herein paragraphs 1 through 10 of the above Allegations as paragraphs 1 through 10 of this Count I as if fully set forth herein, verbatim.

11. At all times relevant, CAMPAGNA was an "employee" of AGS as defined by the FLSA. 29 U.S.C. § 203(e).

12. At all times relevant, AGS was an "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

13. Throughout his employment, CAMPAGNA performed duties assigned to him in a conscientious and competent manner.

14. AGS had actual knowledge that CAMPAGNA worked well in excess of forty (40) hours per week. AGS either directed or knowingly permitted CAMPAGNA to work in excess of 40 hours per week.

15. Throughout his employment, CAMPAGNA's job duties and responsibilities did not render him exempt from the overtime provisions of the FLSA. 29 U.S.C. § 207.

16. Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

17. CAMPAGNA is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for all

hours worked in excess of forty (40) hours per week. This has been and continues to be a willful violation of the FLSA.

18. CAMPAGNA demands a trial by jury on his Count I claim.

WHEREFORE, CAMPAGNA respectfully request that this Honorable Court declare AGS, to be in violation of the FLSA and to:

    a. Enter a judgement in the amount of unpaid overtime wages for all time worked by CAMPAGNA in excess of forty (40) hours in individual work weeks;

    b. Award liquidated damages to CAMPAGNA in an amount equal to the amount of unpaid overtime wages;

    c. Award reasonable attorneys' fees and costs; and

    d. Grant such additional or alternative relief as this Honorable Court deems just and proper under the instant circumstances.

### Count II – Illinois Minimum Wage Law, ("IMWL"), Action

CAMPAGNA, by his attorneys, Gaffney & Gaffney P.C., for his Count II Complaint brought pursuant to the IMWL against AGS, states:

1-10. CAMPAGNA incorporates herein paragraphs 1 through 10 of the above Allegations as paragraphs 1 through 10 of his Count II as if fully set forth herein, verbatim.

11. At all times relevant, CAMPAGNA was an "employee" of AGS as defined by the IMWL. 820 ILCS 105/3(d).

12. At all times relevant, AGS was an "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

13. This Count arises from Defendant's failure to pay CAMPAGNA overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

14. Defendant directed or knowingly permitted CAMPAGNA to work, and CAMPAGNA did work in excess of forty (40) hours in individual work weeks. AGS knew CAMPAGNA worked over 40 hours per week and permitted or encouraged him to do so.

15. CAMPAGNA was entitled to be paid overtimes wages for all time worked in excess of forty (40) hours in individual work weeks.

16. Defendant did not pay CAMPAGNA overtime wages for time worked in excess of forty (40) hours in individual work weeks.

17. Pursuant to 820 ILCS 105/12(a), CAMPAGNA is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, CAMPAGNA respectfully requests that this Honorable Court declare that AGS has violated the IMWL and:

   a. Enter a judgement in the amount of overtime wages due to Plaintiff as provided by the IMWL;

   b. Award statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a) and 815 ILCS 205/2;

   c. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

   d. Grant such other and further relief as this Honorable Court deems just and proper under the instant circumstances.

**Count III – Breach of Contract Action**

CAMPAGNA, by his attorneys, Gaffney & Gaffney P.C., for his Count III Complaint for breach of contract against AGS, states:

1-10. CAMPAGNA incorporates herein paragraphs 1 through 10 of the above Allegations as paragraphs 1 through 10 of his Count III as if fully set forth herein, verbatim.

11. At all times relevant, CAMPAGNA worked for AGS based upon an oral agreement to receive wages and benefits in exchange for services rendered. CAMPAGNA's last hourly rate of pay was $23.69 per hour.

12. In Illinois, all employment agreements, whether formal, written, oral, or informal, implicitly incorporate the provisions of applicable state and federal law, including but not limited to, the provisions of the Fair Labor Standards Act, Illinois Minimum Wage Law, and Illinois Wage Payment and Collection Act.

13. At or near the time CAMPAGNA was hired, he was provided a copy of the AGS severance policy, which provided that employees were to receive one week of severance for each year of employment upon involuntary separation from AGS. CAMPAGNA does not currently have a copy of that severance policy; however, AGS should have a copy of the policy as it existed years ago when CAMPAGNA received a copy.

14. At no time did AGS ever notify CAMPAGNA that it modified the aforesaid severance policy and CAMPAGNA worked in excess of 28 years pursuant to that severance plan.

15. CAMPAGNA was employed from September, 1988, until involuntarily terminated due to an alleged layoff and reorganization on or about October 10, 2016. As such, at or near the time of separation, CAMPAGNA was entitled to 28 weeks of severance pursuant to

the provisions of the AGS policy as communicated to CAMPAGNA. At CAMPAGNA's last rate of pay of $23.69 per hour, CAMPAGNA was entitled to 28 weeks at $947.60 per week, which totals $26,532.80.

16. In addition to the severance benefit, AGS had a vacation pay benefit, wherein CAMPAGNA was entitled to four weeks of paid vacation for each year worked during 2015 and 2016. CAMPAGNA took all of his vacation time earned during 2015 in 2016, but did not take or receive any vacation that he earned for his 9.3 months of service in 2016. As such, as of the date of his involuntary termination on or about October 10, 2016, CAMPAGNA earned 78% of his four weeks of vacation pay for the year 2016, which equals 15.6 days of pay, and at his last rate of pay at $189.52 per day, CAMPAGNA is entitled to $2,956.51 in unpaid vacation pay which should have been paid at or near the time of his lay-off but was not.

17. Additionally, pursuant to both the explicit and implicit terms of the parties' employment agreement, CAMPAGNA was entitled to payment of overtime wages at the rate of 35.535 for each hour worked in excess of 40 hours per week.

18. CAMPAGNA worked approximately 50 hours or more every week, working Monday through Friday from approximately 5:00 a.m. to 3:00 p.m., and then once per month on an "on call" basis, with various hours worked over the weekend.

19. AGS occasionally and intermittently paid CAMPAGNA some overtime wages, but not even close to the amount of actual overtime hours worked. Over the last five years, CAMPAGNA's unpaid overtime wages are approximately $90,000.00 or more.

20. CAMPAGNA performed all conditions precedent that CAMPAGNA was required to perform in order to receive all of his wages for services rendered, plus accrued and unpaid vacation pay and severance pay pursuant to the terms of the parties' agreement or

understanding, and furthermore, in compliance with applicable law, which is implicitly incorporated into the parties' employment agreement.

21. AGS breached the parties' agreement by failing to pay CAMPAGNA all of his overtime wages and by failing to pay CAMPAGNA his accrued and unpaid vacation pay, as well as his severance pay.

22. As a direct and proximate result thereof, CAMPAGNA has sustained damages in an amount in excess $120,000.00.

23. CAMPAGNA demands a trial by jury on his Count III claim.

WHEREFORE, CAMPAGNA seeks judgment against AGS in an amount in excess of $120,000.00, plus statutory interest and costs of suit.

### Count IV – Illinois Wage Payment and Collection Act, ("IWPCA"), Action

CAMPAGNA, by his attorneys, Gaffney & Gaffney P.C., for his Count IV Complaint brought pursuant to the IWPCA against AGS, states:

1-22. CAMPAGNA incorporates herein paragraphs 1 through 22 of Count III as paragraphs 1 through 22 of this Count IV as if fully set forth herein, verbatim.

23. At all times relevant, CAMPAGNA was an "employee" of AGS as defined by the IWPCA. 820 ILCS 115/2.

24. At all times relevant, AGS was an Illinois "employer" as that term is defined by the IWPCA. 820 ILCS 115/2.

25. The IWPCA further defines "wages" broadly to include any compensation owed an employee pursuant to the parties' agreement, including not only wages, but also the monetary equivalent of earned vacation and other compensation owed the employee, which would also include severance pay. 820 ILCS 115/2.

26. AGS violated the IWPCA by failing to pay CAMPAGNA his wages due on a timely basis. 820 ILCS 115/3; 820 ILCS 115/4.

27. Following the termination of CAMPAGNA's employment on October 10, 2016, AGS also violated the IWPCA by failing to pay CAMPAGNA his full final compensation due and owing by no later than the next regularly scheduled payday following his employment termination and by continuing in such failure to the present date. 820 ILCS 115/5.

28. AGS's violations of the IWPCA were and are willful and intentional. At all times, AGS had and has had the ability to pay CAMPAGNA his wages in a timely fashion and has, at all times, continued to withhold the same.

29. As a result of AGS's violations of the IWPCA, CAMPAGNA is entitled to bring this civil action for the underpayment of wages, as well as an entitlement to statutory damages at the rate of two percent (2%) of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, plus attorneys' fees, litigation expenses, and costs of suit. 820 ILCS 115/14.

WHEREFORE, CAMPAGNA respectfully requests that this Honorable Court declare that AGS has violated the IWPCA and:

    a. Enter a judgement in the amount of unpaid wages due to CAMPAGNA as provided by the IWPCA;

    b. Award statutory damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid as set forth in 820 ILCS 115/14(a);

    c. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

      d. Grant such other and further relief as this Honorable Court deems just and proper under the instant circumstances.

      /s/Glenn R. Gaffney
      Glenn R. Gaffney
      Attorney for CARY CAMPAGNA

Glenn R. Gaffney (6180598)
Jolianne S. Walters (6314222)
Gaffney & Gaffney P.C.
1771 Bloomingdale Road
Glendale Heights, IL 60139
(630) 462-1200
Fax (630) 462-7698
*glenn@gaffneylawpc.com*
*jolianne@gaffneylawpc.com*